## JOHNSON v. OWEN.

1. Master and servant: ESTOPPEL. The mere fact that a person, in the employment of a sub-contractor of work, had *reasonable cause* to believe from the acts and conduct of the contractor, that the subcontractor was simply the servant or foreman of the contractor in respect to the work, will not estop the contractor from denying such relation of master and servant, nor render him liable to the employee for injuries resulting to him from the negligence of the subcontractor.

2. —— ALITER, if such belief was actually induced by the acts and conduct of the contractor, and the employee acting thereon entered or remained in the employment.

*Appeal from Lee Circuit Court.*

SATURDAY, FEBRUARY 24.

ACTION to recover damage for injuries sustained by plaintiff, resulting from the negligence of one under whose control and direction he was employed as a laborer, and who was the servant of plaintiff. The petition alleges that plaintiff was employed by defendant, and that the one

whose negligence caused the injury was a servant of defendant, intrusted by him with the control of the work in which plaintiff was engaged. The answer of the defendant denies generally all the allegations of the petition, and avers that plaintiff was not, at the time of the accident resulting in the injuries complained of, in the employment of defendant, and that the one whose negligence caused the injury was not in the employment of, or a servant of, defendant. Verdict and judgment for plaintiff. Defendant appeals.

*G. Brown* and *Gilmore & Anderson* for the appellant.

*S. T. Marshall & Son* and *McCrary, Miller & McCrary,* for the appellee.

BECK, Ch. J.—It appears from the record that defendant, as a contractor employed by the United States government, is engaged in making certain excavations necessary in constructing the canal now being built at the lower rapids of the Mississippi river. These excavations are made in the rock which compose the bed and banks of the river at that place, by blasting with gunpowder. Defendant contracted a part of the work to a firm composed of one Nash and others, who were engaged in making the excavations as above stated. Defendant was prosecuting work at the same place. Plaintiff was working under Nash as a foreman, and, by the premature discharge of a blast, lost both of his eyes and was otherwise injured. By the same accident Nash was killed. Plaintiff claims that he was employed by defendant, and his injuries resulted from the negligence of Nash, who was the servant of defendant, and charged with the control of the work. Defendant insists that he did not employ plaintiff; that Nash was not in his employment, and was not his servant, and that plaintiff was actually employed by the firm of

which Nash was a member, and for whom he controlled and directed the work. Upon these issues evidence for the respective parties was introduced and submitted to the jury.

The court gave to the jury the following, among other instructions: "2. If plaintiff had reasonable cause to believe, from the acts, conduct and deportment of defendant, that he was engaged as a laborer under defendant's employ, and that Nash was *boss*, or foreman of defendant, controlling or directing plaintiff in his work when the accident happened, then, if the jury further believe that plaintiff was physically injured because of the negligence and carelessness of said Nash, while plaintiff was at work under his direction, as aforesaid, defendant is responsible to plaintiff for damage commensurate to the injury of plaintiff, if any has been proved, even though, as a matter of fact, Nash was a sub-contractor of defendant, under written agreement or otherwise, provided plaintiff did not know or was not informed of such sub-contract, or had reasonable grounds to believe he was in the employ of said Nash, or the firm of which Nash was a member."

"3. If any one by acts or conduct induces another to engage in work, or enter into a contract, he is responsible for all the legitimate consequences of that work or contract and matters connected legitimately with it, even though in fact he did not intend to be bound for such work or by such supposed contract."

These rules were given the jury to enable them to determine, under the evidence, whether defendant was liable, as the employer of plaintiff, and of Nash, for the injuries sustained by plaintiff.

Defendant's liability for the alleged injury depends upon the relation existing between him and Nash. If Nash was defendant's servant, or was employed by defendant to render the services in which he was engaged at the time of the accident, and if defendant had such control over

Nash as authorized him to direct the manner of performing the services, he is liable for the negligent conduct of Nash which resulted in the injury to plaintiff. *Callahan* v. *The B. & M. R. Co.*, 23 Iowa, 562. This relation of the parties may be established, as are all other facts, by evidence which, in law, will raise a presumption of its existence. The acts and conduct of defendant, which induced the plaintiff to believe that Nash was defendant's servant and to act on that belief, if intended to have that effect would estop defendant to deny his liability for Nash's acts. But it would be obviously unjust to hold him responsible on account of acts and conduct which might be done by one not an employee, yet which would be reasonable cause of belief, in the mind of another, that he was in fact the employee. If such belief existed in the mind of plaintiff on account of the acts of defendant, and plaintiff acting thereon entered or remained in the service of defendant, or the like, and defendant intended to create, by his acts, that belief, he would be liable. And the same would be true if such belief were the natural consequence of defendant's acts. But a bare belief of plaintiff, though founded on a reasonable cause, that Nash was defendant's servant, which in no way had influenced his action, which was not intended to be created by defendant, and which was not the natural result of his acts, could not make him liable as the employer of Nash. It would be a very dangerous rule to hold that inferences and opinions concerning men's actions, although founded upon reasonable cause, would render them liable for the acts of others. Yet this is the doctrine of the instruction first quoted above.

The other instruction is equally objectionable. The language is so general and unrestricted that it would apply to one who was known not to be the employer by the person undertaking to perform the service referred to. One not an employer, who, " by his acts and conduct induces another to engage in a work," is not, by the language of the court,

excluded from the liability contemplated in the instruction, although it were known to the employee that he did not intend to become bound therefor. The error of this instruction is patent, and is sufficiently pointed out by a bare statement of the proposition.

Some other instructions given by the court are not unobjectionable. They are particularly wanting in perspicuity and directness, and, on account of these defects, were calculated to mislead the jury. They need not be further noticed.

On account of the errors we have pointed out, the judgment of the circuit court is

Reversed.