[No. 13021.   Department One. — June 5, 1891.]

JOHN SMITH, A MINOR, BY HIS GUARDIAN, ETC., RE-SPONDENT, v. MORTIMER W. BELSHAW ET AL., DEFENDANTS.   MORTIMER W. BELSHAW, APPELLANT.

APPEAL — REVIEW OF EVIDENCE — SUPPORT OF VERDICT. — Although the appellate court will not disturb the verdict of a jury where the evidence is conflicting upon substantial matters, yet where the verdict does not have some meritorious support from the evidence, it will be set aside and disregarded.

NEGLIGENCE — EMPLOYER AND CONTRACTOR — CONTROL OF WORK. — Where one carries on an independent employment in pursuance of a contract, by which he has entire control of the work and the manner of its performance, his employer is not liable for any negligence of which he may be guilty in the course of his employment.

ID. — LEAVING COAL MINE WITHOUT SUPPORT — INJURY TO LABORER — NEGLIGENCE OF CONTRACTOR — WORKING MINE FOR ROYALTY — LIA-BILITY OF OWNER. — In an action to recover damages for negligence in suffering the roof of a drift in a coal mine to remain without support, by reason whereof a portion of the roof fell upon and injured the plaintiff, who was a laborer in the mine, where it appears that at the time of the accident, and for some months prior thereto, the mine was in the exclusive possession and control of a third party, under a contract with the owner, and that under the terms of the contract the contractor employed

and paid the workmen, and had entire charge of and authority over the mine, receiving a certain royalty for the coal taken from the mine, the owner is not liable for the alleged negligence.

Id. — Payment for Labor at Store of Owner — Belief of Miners as to Employer — Terms of Contract. — The fact that the miners were paid their wages at the store of the owner of the mine, where they had been paid prior to his contract with the party in possession, and that some of the miners thought they were working for the owner, is not sufficient to defeat express and uncontradicted testimony as to the terms of the contract and the labor performed under it. What the miners thought as to who was their employer is immaterial.

Id. — Gist of Action — Contract — Tort — Relations of Parties — Ostensible Agency — Notice to Miners as to Control of Mine. — Such action is not an action upon contract, based upon ostensible agency, but is an action in tort, and must rest upon the actual facts and the actual relations existing between the parties; and the owner of the mine was not bound to give any notice to the miners that he had given up the control of the mine, in order to escape liability for the negligence of the party working the mine under a contract with him.

Id. — Accident in Old Drift — Possession and Management of Contracts. — The fact that the accident occurred in an old drift that was used simply for the purposes of egress and ingress to that portion of the mine which was being worked, would not render the owner of the mine liaßle, if the entire mine was out of his possession, and the party in possession had the same control, possession, and management of the drift as he had over the other portions, and the drift had not been negligently left by the owner in an unsafe condition when the contractor assumed control.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Fred B. Lake,* and *J. E. Foulds,* for Appellant.

Where one carries on an independent employment in pursuance of contract, by which he has entire control of the work and the manner of its performance, his employer is not liable for any negligence of which he may be guilty in the course of the employment. (*Bennett* v. *Truebody,* 66 Cal. 509; 56 Am. Rep. 117; *Aston* v. *Nolan,* 63 Cal. 269; *Du Pratt* v. *Lick,* 38 Cal. 691.) That the miners may not have been informed as to the terms upon which Dicken-

son was in possession of the mine, and may have inferred when they were hired by him that he was hiring them as the agent of the owner of the property, casts no liability upon the latter. (*Samuelson* v. *Cleveland Iron M. Co.*, 49 Mich. 164; 43 Am. Rep. 456; *Rourke* v. *White Mountain Colliery Co.*, L. R. 2 C. P. D. 205; *Gulzoni* v. *Tyler*, 64 Cal. 335.) If the owner of property lets or lends it, and transfers the entire possession and control of it to another, the owner is not responsible for the wrongful use or mismanagement of it by the transferee. (Shearman and Redfield on Negligence, sec. 501; *Gulzoni* v. *Tyler*, 64 Cal. 335; *Quarman* v. *Burnett*, 6 Mees. & W. 499; *Rudie* v. *London and Northwestern R'y Co.*, 4 Welsby, H. & G. 244; *Knight* v. *Fox*, 5 Welsby, H. & G. 721.)

*W. H. Payson*, and *Leander Quint*, for Respondent.

The appellant was liable as owner of the mine because the drift where the accident happened was an old drift used only for egress and ingress from that part of the mine where the ore was being extracted, and it was the duty of the owner to keep this passage in a safe condition for all persons who should lawfully enter the same, whether his servants or the servants of a contractor. (*Richardson* v. *Kier*, 34 Cal. 75; 91 Am. Dec. 681; *Davenport* v. *Ruckman*, 37 N. Y. 568–572; *Jessen* v. *Sweigert*, 66 Cal. 182.)

GAROUTTE, J. — This is an action to recover damages from defendants on account of their negligence in suffering the roof of a drift in a coal mine to remain without support, by reason whereof a portion of said roof fell upon plaintiff, who was a laborer in the mine, and injured him.

A verdict for damages was rendered against M. W. Belshaw and Dickenson, and in favor of defendant Charles Belshaw.

This appeal is prosecuted by M. W. Belshaw from

the judgment and order denying his motion for a new trial.

Under the law as applied to the facts of this case it plainly appears that no liability rests against the appellant, Belshaw. While we will not disturb the verdict of a jury where the evidence is conflicting upon substantial matters, yet in all cases the verdict must have some meritorious support from the evidence, or be set aside and disregarded.

In this case the evidence is undisputed that at the time of the accident, and for some months prior thereto, the mine was in the exclusive possession and control of defendant Dickenson, under a contract with Belshaw, who was the owner thereof; that under such contract Dickenson employed and paid the workmen; had entire charge of and authority over the mine, and received a fixed rate per ton, from Belshaw, for the coal taken therefrom, when the same was delivered to him.

The principle of law is so well settled that where one carries on an independent employment in pursuance of a contract by which he has entire control of the work and the manner of its performance, his employer is not liable for any negligence of which he may be guilty in the course of his employment, that the citation of authorities is unnecessary labor. Indeed, respondent's counsel concedes the law, but insists that the evidence is sufficient to sustain the verdict. As already stated, we are unable to find it in the record. The fact that the miners were paid their wages at defendant Belshaw's store, where they had been paid prior to the contract with Dickenson, and the further fact that some of the miners *thought* they were working for Belshaw, are circumstances too slight to defeat the express and uncontradicted testimony as to the terms of the contract and the labor performed under it.

What the *miners thought* as to who was their employer is entirely immaterial.

There is no question of estoppel involved in the case, and appellant, in order to escape liability for the negligence of Dickenson, was not bound to give any notice to the miners that he had given up the control of the mine.

This is not an action on contract based upon ostensible agency, but is an action *in tort*, and must rest upon the actual facts, and the actual relations existing between the parties. (*Samuelson* v. *Cleveland Iron M. Co.*, 49 Mich. 164; 43 Am. Rep. 456; *Rourke* v. *White Moss Colliery Co.*, L. R. 2 C. P. D. 206.)

In *Gulzoni* v. *Tyler*, 64 Cal. 336, this court said: " If the defendants were the owners of the bo t, but had not the possession, control, or management of it themselves, or by their agents or employees, they cannot be held responsible for the negligence or mismanagement of whosoever had the exclusive control, possession, and management of it. "

In *Johnson* v. *Owen*, 33 Iowa, 515, it is said: "A bare belief of plaintiff, though founded on a reasonable cause, that Nash was defendant's servant, which in no way had influenced his action, which was not intended to be created, and which was not the natural result of his acts, could not make him liable as the employer of Nash. It would be a very dangerous rule to hold that inferences and opinions concerning men's actions, although founded upon reasonable cause, would render them liable for the acts of others."

It is further contended by respondent, that the appellant was liable as owner of the mine; 1. That the accident occurred in an old drift that was used simply for the purposes of egress and ingress to that portion of the mine from which the coal was being extracted, and therefore it remained under the control of Belshaw; 2. That the mine was in an unsafe condition at the time appellant turned the possession of it over to Dickenson.

Neither of these positions can be successfully maintained.

The entire mine, as disclosed by the evidence, was turned over to Dickenson, and he had the same control, possession, and management of the old drifts used for the purposes of ingress and egress as he had over the portions where the miners were actually engaged in extracting the coal. And there is no testimony in the case indicating that this drift was in an unsafe condition at the time Dickenson assumed control. He had been in possession some months, when the rock which finally caused the injury was noticed to be dangerous.

The case of *Samuelson* v. *Cleveland Iron M. Co.*, 49 Mich. 164, 43 Am. Rep. 456, heretofore cited, is quite similar to the one at bar in many respects, and we quote: " That the mine at no time was a place of absolute safety is conceded; but the danger was not peculiar to this mine, and by itself raised no presumption of negligence. The question is, whether the defendant, at the time of delivering possession to the contractors, had neglected any precaution which ought to have been taken to guard against danger. . . . . The negligence, if any, must, on this showing, have consisted in the failure to inspect the roof frequently, and to bar down any rock that seemed likely to detach itself and fall, or to erect timbers to prevent the fall. Some personal fault must be involved, or neglect of duty, before there can be a personal liability."

It follows from the foregoing views that the judgment and order must be reversed as to defendant M. W. Belshaw, and cause remanded for a new trial. It is so ordered.

PATERSON J., and HARRISON, J., concurred.