[S. F. No. 2277. In Bank.—August 7, 1900.]

HULDA R. TOWNSEND, Petitioner, v. F. M. ANGELLOTTI and CARROLL COOK, Judges of the Superior Court, etc., Respondents.

ESTATE OF INSANE PERSON—PAYMENT OF ATTORNEY—ORDER VACATING ALLOWANCE—DENIAL OF MOTION FOR REPAYMENT—SILENCE OF ORDER—MANDAMUS.—Where an order vacating the allowance of an attorney's fee out of the estate of an insane person, which had been paid, is silent as to a part of the motion therefor, which moved also for an order requiring the repayment of the fee into the estate, such silence is in legal effect a denial of that part of the motion, and *mandamus* will not lie to compel the judge to act thereupon.

PETITION for *mandamus* from the Supreme Court to the Superior Court of the City and County of San Francisco. Carroll Cook, Judge. F. M. Angellotti, Acting Judge.

The facts are stated in the opinion.

Foshay Walker, for Petitioner.

Carter P. Pomeroy, for Respondents.

THE COURT.—W. L. Pierce, in certain proceedings touching the guardianship of an insane person, had, by order of the superior court and of Hon. Carroll Cook, judge thereof, been allowed the sum of three thousand eight hundred dollars as attorney's fee, which sum was paid out of the funds of the insane person. Thereafter this petitioner, a party in interest, applied to the superior court for an order: 1. Vacating the order allowing said W. L. Pierce an attorney's fee of three thousand eight hundred dollars; and 2. Requiring the said Pierce to pay back into the funds of the insane person said three thousand eight hundred dollars, with interest. Hon. F. M. Angellotti, as a judge of the superior court, was called to hear and pass upon the application for said order. In due time he made and caused to be filed the following order:

"The motion of defendant for an order vacating and setting aside the order made herein on the 13th day of June, 1899, allowing an attorney's fee of three thousand eight hundred dollars to W. L. Pierce, and directing payment of the same, and requiring the payment thereof by said Pierce, having come on regularly for hearing on the 9th day of December, 1899, and the hearing of the same having been regularly continued to a subsequent date, and such hearing having been had and the matter submitted to the court for decision on the 17th day of January, 1900, and the court being now fully advised, it is ordered that the said order of June 13, 1899, be and the same is hereby vacated and set aside.

"Dated February 28, 1900.

"(Signed)    F. M. ANGELLOTTI,
"Judge Presiding in said Court."

The petitioner here insists that this order fails either to grant or deny her application for an order compelling Pierce to repay the three thousand eight hundred dollars into the funds of the insane person's estate. This is an application for a writ of mandate to compel the judge to determine such application.

,We think it should be denied. The order actually made contains recitals sufficient to show that all the matters applied for were in the mind of the court. When it made its order as it did vacating the order for the payment of attorney's fees and going no further, it was the plain equivalent of an express refusal to order the repayment of the money, and the petitioner would be justified in treating the silence of the order as a denial of her motion.

Let the writ be discharged.