## BRUNNINGS v. TOWNSEND.

### S. F. No. 2502; March 1, 1901.

#### 64 Pac. 106.

**Appeal—Time to File Transcript.**—An Appeal was Taken, and the appellant also brought a mandamus as to the same controversy; and the appellant was granted forty days after the decision of the mandamus proceeding in which to prepare, serve and file the printed transcript in the appeal case. The mandamus proceeding was in bank, and determined adversely to the appellant, but he presented no petition for a rehearing. Held, that the time to prepare and file the transcript commenced to run on the determination of the mandamus proceeding, instead of after the expiration of thirty days thereafter in which a rehearing could be granted.

**Appeal.**—Where a Transcript is not Filed Within the Time granted by the supreme court, but such failure is due to a mistake as to when such time expired, and is filed shortly thereafter, and no material delay is occasioned, and no costs are caused to respondent, the appeal will not be dismissed therefor.

APPEAL from Superior Court, City and County of San Francisco; F. M. Angellotti, Judge.

Action by Mary Brunnings, an insane person, by her guardian, E. Myron Wolf, against Hulda R. Townsend. From a judgment in favor of plaintiff, defendant appeals. Motion to dismiss appeal denied.

Foshay Walker for appellant; W. L. Pierce for respondent.

BEATTY, C. J.—In this case the superior court made an order for the payment of an attorney's fee out of the estate of the plaintiff. After payment by the guardian, the appellant, Townsend, made a motion to vacate the order allowing the attorney's fee, and requiring its repayment by the attorney, with interest. In due time the superior court made an order which expressly vacated the previous order allowing the attorney's fee, but was not explicit upon the point of repayment. The appellant, acting upon the theory that the effect of the second order was to deny that part of her motion relating to repayment, took this appeal from such denial. But apprehending that it might be held that there had been

no decision upon that part of the motion, and in order to be safe, she at the same time commenced an original mandamus proceeding in this court to compel a decision. On the 7th of August, 1900, that case was decided here, the court in bank holding that the motion had been fully decided and that the legal effect of the order was to deny that part of the motion relating to repayment: Townsend v. Angellotti, 129 Cal. 466, 62 Pac. 59. The result of that decision was to vindicate the propriety and necessity of this appeal as the proper and only remedy of the appellant for any wrong she may have suffered in consequence of the action of the superior court. Pending the decision of the mandamus case, on the sixth day of June, 1900, this court made an order in the present case granting the appellant ''until and including forty days after final decision of this court in the mandate proceeding . . . . within which to prepare, serve and file her printed transcript on appeal herein.'' The printed transcript herein was served on respondent September 26, 1900—more than forty days after our decision in the mandate proceeding was filed— with a request that he stipulate its correctness. On October 1st respondent returned the transcript, declining to stipulate. After some delay, and after making numerous corrections, the county clerk certified the transcript; and on October 15th it, with the requisite number of copies similarly corrected, was filed in this court. In the meantime, on October 12th, respondent had served notice of this motion to dismiss the appeal for the failure to file the record within the time prescribed by the rule of court and the order extending time. The decision of this motion to dismiss requires a construction of the order extending time as to the date when the forty days began to run. Respondent contends that the time began to run on the 8th of August, when our decision was filed, while appellant contends that it did not begin to run until the expiration of the thirty days during which the remittitur is ordinarily retained in appeal cases, and during which a rehearing may be ordered. We do not think appellant's construction of the order extending time can be upheld. In case of an appeal decided in department, where, in the absence of a special order for an earlier issuance of the remittitur, the judgment is not final until the lapse of thirty days, his argument would have some force; but this was an original proceeding, decided in bank, and in the sense of the

order the decision was final when filed. Besides, there was no petition for a rehearing or motion for a new trial by this appellant in that case, and it was certain the respondent therein, the prevailing party, would not so move or petition; and we think the appellant should have construed the order as we do—to give her forty days, commencing with the filing of the decision on the 8th of August, within which to file her transcript.

But, although there has been a failure on the part of appellant to comply with the rule and orders of the court as to the time of filing her transcript, we are not inclined, in view of all the circumstances of the case, to deny her a hearing on the merits of her appeal. We are satisfied that her counsel has acted in good faith upon his mistaken construction of the order extending time. The transcript was actually served on respondent within ten days after the time allowed by the order, strictly construed. No material delay will be occasioned in the hearing of the appeal, and respondent has been put to no costs or other inconvenience; and, since the enforcement of the rule is within our discretion, we shall deny the motion. It is so ordered.

We concur: Temple, J.; Henshaw, J.