[S. F. No. 4241. In Bank.—December 30, 1907.]

## HARRIET E. HOUGHTON, Respondent, v. LOMA PRIETA LUMBER COMPANY, Appellant.

NEGLIGENCE—BUILDING MOUNTAIN ROAD—BLASTING—INDEPENDENT CONTRACTOR. — Where a road is being built in a wild, uninhabited, and almost untraveled mountain region, where there is very little danger or chance of injury from the blasting of a stump on the line of the road, the work is not intrinsically and necessarily dangerous, and if it was being done by an independent contractor the person for whom it is being done is not liable for the contractor's negligence in setting off the blast.

ID.—PAYMENT OF CONTRACTOR'S EMPLOYEES BY CHECKS — CIRCUMSTANCES NOT AFFECTING RELATION.—One who enters into a contract to construct a road for a specified price, employing his own laborers and having full control over the work, is an independent contractor, and that relation is not changed by the mere fact that while the work was progressing his employees were paid by the checks of the person for whom the work was being done, nor by the further fact that he

had previously been in the employ of the latter as a foreman on other roads, nor by the circumstance that the latter's then foreman occasionally visited the road while the work was being done and made some suggestions as to certain features of the work, without attempting to control any of the contractor's employees.

EVIDENCE—FINDING—RULE OF CONFLICT.—A finding against the great weight and preponderance of the evidence can be maintained on the doctrine of " conflict " only where the alleged conflict rests upon evidence, either direct or circumstantial, which so materially contradicts the testimony on the other side or is so radically inconsistent with it as to leave room in a fair and reasonable mind to find the fact either way.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order refusing a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Bishop, Wheeler & Hoefler, William Rix, and Alfred J. Harwood, for Appellant.

Sullivan & Sullivan, and Theo. J. Roche, and Charles M. Cassin, for Respondent.

McFARLAND, J.—This action was brought by plaintiff against defendant to recover damages for personal injuries alleged to have been sustained by her through negligence of defendant in exploding a blast. The verdict and judgment were for plaintiff, and from the judgment and from an order denying its motion for a new trial defendant appeals.

Plaintiff, at the time she received the injuries complained of, was walking with her husband, Herbert E. Houghton, since deceased, along the course of an unfinished wagon-road which was being constructed, and when they had reached a certain point a blast nearby, which was intended to remove a stump on the course of the road, was exploded, and from the consequences of the explosion the plaintiff sustained personal injuries for which this action is brought. At the same time, from the same explosion, her husband received injuries which caused his death. An action was brought by this present plaintiff, and certain minor heirs of said Herbert E. Houghton, to recover damages for his death. In that action there was a verdict

and judgment for the plaintiffs therein, but on appeal by defendant from the judgment and from an order denying a new trial, the judgment and order appealed from were by this court reversed. The decision reversing the judgment and order was filed December 6, 1907, and is published *ante*, p. 500, [93 Pac. 82]. There were two transcripts on that appeal, one numbered S. F. No. 3920, which presented the appeal from the judgment, and the other S. F. No. 3837, which presented the appeal from the order denying the motion for a new trial. For brevity we will refer only to S. F. No. 3920. The evidence in that case was substantially the same as that in the case at bar. It was contended there, as in the present case, among other things, that the work of constructing the road was being done by A. W. Wyman as an independent contractor with appellant; and the case was reversed because the court erroneously gave certain instructions to the jury to the effect that, although Wyman was an independent contractor, still the jury might find a verdict against appellant upon the theory that the work of building the road was so intrinsically and necessarily dangerous as to be *per se* a nuisance, and that therefore the rule of *respondeat superior* might apply to appellant, notwithstanding the independent contract. The opinion of this court shows the facts to be that the road was being built in a wild, uninhabited, and almost untraveled mountain region, where there was very little danger or chance of injury from the blasting of a stump on the line of the road, and that the work was not intrinsically and necessarily dangerous, and held that if the work was being done under an independent contract the appellant was not liable. The evidence as to the condition of the country where the road was being built was the same in the case at bar as in S. F. No. 3920, and we adopt the statement as to that matter in the opinion in the latter case without repeating it here, and we hold, as was there held, that if the work was being done by an independent contractor the appellant was not liable.

The instructions upon which the case was reversed in S. F. No. 3920 do not appear in the case at bar; but if it appears in this case at bar that the work was done by Wyman as an independent contractor, then appellant was not liable, and the judgment and order should be reversed. And it appears to us quite clearly that the work was being done by Wyman as

an independent contractor.  Appellant called for bids for the construction of the road by contract, and several different persons, among them Wyman, submitted bids in response to the call.  The bid of Wyman was accepted, and the transcript shows a written contract between appellant and Wyman for the construction of the road for a certain specified price.  The direct evidence was all to the point that the work was done by Wyman under and in accordance with this contract, he employed the hands who did the work and had full control over it.  There is no direct evidence to the contrary; and we see nothing in the record which substantially conflicts with appellant's evidence on the point, under the rule as to "conflict" of evidence.  Respondent relies on certain circumstances which she contends should induce this court to hold that there was such a conflict as to warrant the jury in finding that the work was not done under an independent contract; but this contention is not maintainable.  The circumstance mostly relied on is that while the work was progressing Wyman's employees were paid by checks of appellant.  But the manner in which the contract price was paid is a matter of no consequence; indeed, this manner of payment was provided for in the contract itself.  A similar contention was made in *Smith* v. *Belshaw*, 89 Cal. 427, [26 Pac. 834], where the question was whether certain work was done by an independent contractor, but the court said: "The principle of law is so well settled that where one carries on an independent employment in pursuance of a contract by which he has entire control of the work and the manner of its performance, his employer is not liable for any negligence of which he may be guilty in the course of his employment, that the citation of authorities is unnecessary labor.  Indeed, respondent's counsel concedes the law, but insists that the evidence is sufficient to sustain the verdict.  As already stated, we are unable to find it in the record.  The fact that the miners were paid their wages at defendant Belshaw's store, where they had been paid prior to the contract with Dickenson, and the further fact that some of the miners thought they were working for Belshaw, are circumstances too slight to defeat the express and uncontradicted testimony as to the terms of the contract and the labor performed under it."  Another circumstance relied on is that Wyman was formerly in the employ of appellant as its

foreman and as such foreman did work for appellant on other roads; but surely that fact could in no way affect the contractual relations between said parties as to the building of the road in question. Another circumstance is that the foreman of the appellant occasionally visited the road while the work was being done and made some suggestions as to certain features of the work, but he did not attempt to control any of Wyman's employees, and did nothing more than he had a right to do in seeing that the work was being done according to the contract. There were also a few other trifling circumstances of less importance than those above referred to. These circumstances are, in our opinion, clearly insufficient to raise such a conflict of evidence on the point as would justify a jury in finding against the independent contract. The rule that the finding of a jury on an issue of fact will not be disturbed where there is a conflict of evidence as to such fact applies only to cases where there is a real and not a mere pretense of conflict—where, as bearing on the issue, there is some body and substance to the asserted conflicting evidence. A finding against the great weight and preponderance of the evidence can be maintained on the doctrine of "conflict" only where the alleged conflict rests upon evidence, either direct or circumstantial, which so materially contradicts the testimony on the other side, or is so radically inconsistent with it, as to leave room in a fair and reasonable mind to find the fact either way. This feature of the rule upon the "conflict" of evidence has been heretofore declared by this court. In *Smith* v. *Belshaw,* 89 Cal. 427, [26 Pac. 834], the court said: "While we will not disturb the verdict of a jury where the evidence is conflicting upon substantial matters, yet in all cases the verdict must have some meritorious support from the evidence or be set aside and disregarded." In *Hedge* v. *Williams,* 131 Cal. 459, [82 Am. St. Rep. 366, 63 Pac. 721, 64 Pac. 106], the court say: "Upon the part of respondent it is insisted that the verdict of the jury is conclusive as to the capacity in which Fontain was acting in repairing the tank. This contention can only be sound if there was *a substantial conflict of the evidence.*" (The italics are ours.) In *Driscoll* v. *Cable Ry. Co.,* 97 Cal. 553, [33 Am. St. Rep. 203, 32 Pac. 591], it is said: "The rule is well established that this court will not disturb a verdict where there is a conflict of evi-

dence on material points, and when there is evidence to support the verdict; but such conflict and such evidence must be real and substantial.'' There are other cases to the same effect. And within the rule so declared there was in the case at bar no evidence which was in substantial conflict with the evidence introduced by appellant which clearly established the fact that the road was built by Wyman as an independent contractor.

For the reasons above stated the judgment and order appealed from are reversed.

Shaw, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.