[Civ. No. 4212. First Appellate District, Division One.—July 1, 1922.]

HAZEL BORGERSON, Respondent, v. OSCAR BORGER-SON, Appellant.

[1] DIVORCE—CUSTODY OF CHILDREN—DISCRETION.—The matter of the award of the custody of children in divorce proceedings is addressed to the sound discretion of the trial court, and on appeal interference will be justified only where there is shown to be clear instances of an abuse of discretion.

[2] ID.—APPEAL—ORDER DENYING MOTION TO MODIFY CUSTODY—PRESUMPTION.—On an appeal from an order denying a motion to modify a final judgment of divorce with respect to the custody of a child of the marriage, it will be presumed, in the absence of evidence to the contrary, that the trial court fully and fairly inquired into all the elements material to the child's welfare and the appellate court is bound by its conclusions.

[3] ID.—RECORD—DISCRETION NOT ABUSED.—On this appeal from an order denying a motion to modify a final judgment of divorce with respect to the custody of the minor child of the marriage, it cannot be said, in view of the incompleteness of the record, that there was an abuse of discretion in denying the motion or that prejudicial error was committed in the exclusion of evidence.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for modification of a final decree of divorce. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dahlin & Jackson, Ivan T. Crase and L. W. Perley for Appellant.

Arthur A. Chazel for Respondent.

KNIGHT, J., *pro tem.*—This is an appeal by the defendant Oscar Borgerson from an order denying his motion to modify a final judgment of divorce with respect to the custody of a minor child of the age of five years, the issue of the marriage of plaintiff and defendant. The motion was based upon the alleged misconduct of the plaintiff. The grounds of appeal are that the trial court erroneously excluded certain material evidence offered by appellant and that it abused its discretion in denying defendant's motion.

It should be stated in the beginning that the record on this appeal is, unfortunately, incomplete and unsatisfactory and does not allow us full opportunity to fairly and intelligently review either of the questions presented by the appeal. Explanatory of the condition of the record, appellant, in his opening brief, says: "Here, we desire to say a word about the Reporter's Transcript. The hearing in the lower Court covered a portion of two days; June 30th and July 1st. During the hearing on the first day, it was impossible to get a court reporter and, although notes of the testimony were taken and we have endeavored to have counsel stipulate as to the testimony for the purpose of assisting this Court in its decision, it has been impossible to get anything that happened on the first day into the Transcript." The record on appeal was prepared pursuant to section 953a of the Code of Civil Procedure, and consequently the reporter's transcript covers only the evidence and proceedings reported on the second day of the hearing. We are, therefore, unable to ascertain what occurred during the first day of the hearing, and we are consequently not informed upon what facts and circumstances the trial court finally acted in denying defendant's motion.

[1] It has been repeatedly held that the matter of the award of the custody of children, in divorce proceedings, is addressed to the sound discretion of the trial court, and that on appeal interference will be justified only where there is shown to be clear instances of an abuse of such discretion.

In *Crater* v. *Crater,* 135 Cal. 633 [67 Pac. 1049], it is said: "The good of the child is regarded as the controlling force in directing its custody, and the courts will always look to this here rather than to the whims and caprices of the parties. The morals of the parents, their financial

condition, their subsequent marriage, the age of the child and the devotion of either parent to its best interest are all factors to be weighed and considered by the court. All such applications are addressed to the sound legal discretion of the court below and its conclusion will not be disturbed here except it should clearly appear that its discretion has been abused.''

[2] It must therefore be presumed, on this appeal, in the absence of any evidence showing to the contrary, that the trial court fully and fairly inquired into all such elements, that it was at all times mindful of the welfare of the child, and that its final conclusions were reached only after it had duly considered the entire situation before it. With those conclusions we are not permitted to interfere. (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 Pac. 582].)

[3] The incomplete condition of the record likewise makes it quite impossible for us to declare that the exclusion of the evidence offered by defendant on the second day of the hearing, concerning the previous relations of plaintiff with a man named Balin, was prejudicial, for the reason that evidence on that point may have been received and considered by the court, so far as the record discloses, on the first day of the hearing. It vaguely appears from the reporter's transcript that plaintiff was legally married to Balin on the first day of the hearing of this motion, and that the consummation of said marriage doubtless prompted the trial court, in some degree at least, to refuse, on the second day of the hearing, any further inquiry, by the defendant, into the previous conduct of plaintiff. However that may be, enough appears in the record to show that the trial court was aware of the conditions, which defendant sought to prove by the excluded evidence, and that notwithstanding those conditions, it was its best judgment that the welfare of the child demanded that it should continue to remain in the care of its mother. That being so, it would necessarily follow, we think, that the defendant suffered no prejudice by the exclusion of such evidence.

There was very little testimony, if any, taken on the day on which the proceedings were reported. The record consists mainly of discussions between court and counsel, and the expression of the court's views upon the question of the welfare of the child. From the clerk's transcript, how-

ever, it appears that plaintiff's grounds for divorce were extreme cruelty and that the defendant defaulted. The interlocutory and final judgment of divorce awarded the child to plaintiff. Subsequently, on stipulation, it was given into the custody of plaintiff's mother. After defendant served and filed this motion, to modify the final decree so as to allow him the custody of the child, and pending the hearing thereof, the custody of the child was again awarded to plaintiff. Although these decrees and orders were rendered and made by another department of the same court, the entire record of the case was evidently taken into consideration by the trial court before it, ruled upon this motion.

From the fragmentary parts of the evidence presented, we are not prepared to say that there has been an abuse of discretion shown in denying defendant's motion, or that prejudicial error was committed in the exclusion of evidence. The order appealed from is therefore affirmed.

Tyler, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 31, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.