[Civ. No. 22513. Second Dist., Div. Two. Nov. 15, 1957.]

KAROL KAY BARTOLD, Respondent, v. NORMAN BARTOLD, Appellant.

Joseph W. Fairfield and Ethelyn F. Black for Appellant.

No appearance for Respondent.

RICHARDS, J. pro tem.*—Appeal by defendant-husband from an order denying his application to modify the custodial provisions of a judgment of divorce and to award him the custody of the minor children of the parties.

On October 16, 1953, plaintiff-wife was granted an interlocutory judgment of divorce which awarded to her the custody of the two minor children and granted to the appellant the right of reasonable visitation. The judgment does not prohibit the plaintiff from removing the children from the county of Los Angeles or the State of California. The appellant was ordered to pay $170 a month for their support. A final judgment of divorce was entered January 5, 1955, incorporating the provisions of the interlocutory judgment as to custody, visitation and child support. On June 6, 1956, the judgment was modified by reducing the support provision for both children to $25 a week and on November 7, 1956, the support provision was further reduced to $17 a week. On November 23, 1956, an order to show cause was issued directed to the plaintiff-wife why the amount of the support payments should not be reduced to $1.00 a month for each child and why the custody of the children should not be awarded to the appellant. The only change of conditions and circumstances alleged by the appellant in his affidavit in support of his motion to award custody of the children to him was that the support payment sent by him on November 1, 1956, to the last known address of the children in Berkeley, California, was returned to him by the post office, and that the envelope bore a notation of a change of address to Colorado Springs, Colorado, and was returned from there as "Unknown." He further alleged that he was unable to locate the plaintiff or his children in California or anywhere else after making inquiries as to their whereabouts. A hearing was held before a court commissioner who found that neither the appellant nor plaintiff's attorney could locate her or the minor children and recommended that the appellant should be relieved from the child support obligation until further order of the court, which recommendation was

*Assigned by Chairman of Judicial Council.

thereafter approved and ordered by the court. No order was made on appellant's motion for change of custody. However, an order having been made relieving him from child support payments and going no further, it was equivalent to refusal to order a change of custody and appellant was justified in treating the silence of the order as a denial of his motion for change of custody. (*Townsend* v. *Angellotti,* 129 Cal. 466, 468 [62 P. 59].) Thereafter appellant filed exceptions to the findings and order on the ground that it had failed to award him the custody of the minor children and, on December 27, 1956, his exceptions were denied and this appeal followed.

It should be stated at this point that the record on appeal does not contain a transcript of the evidence adduced at the hearing before the commissioner and consequently does not allow us an opportunity to fairly review the question presented by this appeal.

Appellant contends that the plaintiff having removed the children from the State of California and concealed them, it was an abuse of discretion not to modify the decree so as to award their custody to him. It was not found that plaintiff had removed the children from the State of California and concealed them but only that appellant has been unable to locate the plaintiff and the children after diligent effort.
The paramount consideration in determining the custody of a minor child is the welfare and best interest of the child. (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 208 [259 P.2d 656]; *Lerner* v. *Superior Court,* 38 Cal.2d 676, 683 [242 P.2d 321]; *Prouty* v. *Prouty,* 16 Cal.2d 190, 195 [105 P.2d 295].)  The general rule is that the court will not modify a custodial order until some change of circumstances arises which makes a modification of the former order advisable from the point of view of the welfare of the child. (*Foster* v. *Foster,* 8 Cal.2d 719, 726 [68 P.2d 719]; *Ashwell* v. *Ashwell,* 135 Cal.App.2d 211, 213 [286 P.2d 983]; *Stagliano* v. *Stagliano,* 125 Cal.App.2d 343, 347 [270 P.2d 91].) There is nothing in the limited record before us to show that the welfare and best interest of the children would in any way be enhanced by awarding their custody to appellant.

Appellant's sole contention is that inasmuch as he cannot locate the children so that he may exercise his right of visitation, he is entitled to an order awarding their custody to him so that he may obtain the assistance of law enforcement

agencies to assist him in discovering their present whereabouts. The only authority relied upon in support of this contention is *Ashwell* v. *Ashwell, supra.* An examination of the decision discloses that the modification order granting custody of the children to the father was reversed for the reason that the evidence did not establish that the mother was unfit to have their continued custody and that the court abused its discretion in granting custody to the father where it further appeared that he was in the Army and intended placing the physical custody of the children with their grandmother in Virginia. As previously stated, appellant has not presented any record of the evidence on this appeal and all that is before us are the allegations in his affidavit from which it appears that the children were last known to appellant to be residing in Berkeley, California. How long they lived there or whether appellant ever visited them in that place or anywhere else does not appear. ■ We recognize that "it is generally considered to be the right of the parent who must lose the privilege of having the child for most of the time to have such contact with the child as can be afforded, the general interest of the child considered" (*Exley* v. *Exley,* 101 Cal.App.2d 831, 838-839 [226 P.2d 662]) and we must assume that in denying the appellant's application for a change of custody the court was not unmindful of and gave due consideration to the appellant's right to maintain his parental relationships with the children.

■ "It is the settled rule that, in determining who should have the custody of the minor children of the parties to divorce actions, a very broad discretion is vested in the trial courts. It is only when a clear case of abuse of said discretion is made out that this court will interfere with the determination of the trial court on appeal." (*Prouty* v. *Prouty,* 16 Cal.2d 190, 191 [105 P.2d 295]; accord: *Holsinger* v. *Holsinger,* 44 Cal.2d 132, 135 [279 P.2d 961]; *Gantner* v. *Gantner,* 39 Cal.2d 272, 275 [246 P.2d 923].)

■ It must be presumed, on this appeal, in the absence of any evidence to the contrary, that the trial court fully and fairly inquired into all of the facts and circumstances, that it was mindful of appellant's deprivation of visitorial rights, as well as the welfare of the children, and that its conclusion was reached only after it had duly considered the entire situation before it. (See *Borgerson* v. *Borgerson,* 58 Cal.App. 411, 413 [208 P. 991].)

No abuse of discretion having been shown, the order is affirmed.

Fox, Acting P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied December 6, 1957, and appellant's petition for a hearing by the Supreme Court was denied January 6, 1958.