[No. 8403. In Bank. — November 29, 1886.]

## HOLLIS HITCHCOCK, APPELLANT, *v.* J. D. HASSETT, ASSIGNEE OF ARTHUR THING, AN INSOLVENT, RESPONDENT.

LANDLORD HAS NO LIEN FOR RENT — USE AND OCCUPATION. — A landlord in California has no lien for rent reserved in the lease, or for the value of the use and occupation of the land.

ID. — LEASE OF SHEEP — PAYMENT OF RENT FROM PROCEEDS OF WOOL — DELIVERY. — In 1878, the plaintiff leased to one Thing, for a term of five years, certain land and sheep, at a stated annual rental. The lease provided that the wool sheared from the sheep should be delivered at a designated place by the lessee in the name of the lessor, to be sold by the latter, the rent retained from the proceeds, and the balance paid to the lessee. In the following year, the plaintiff, by a separate lease, let to Thing certain other sheep, at a stated annual rental. The latter lease provided that the lessee should not remove the sheep from the land, and that the wool arising therefrom should be marked on the land in the name of the lessor, and shipped to him at certain places as the lessee might elect. On the 1st of November, 1881, the lessee was indebted to the lessor on account of rent in a large amount. At that time he had on the ranch, ready to deliver to the plaintiff, wool exceeding in value the amount of the rent. Thereafter he was adjudged an insolvent, and the wool taken possession of by his assignee. The action was brought by the plaintiff to recover possession of the wool from the assignee, or its value if possession could not be had; or if the plaintiff were not entitled to the possession, that a lien be established on the wool in his favor for the rent due, payable out of the proceeds of a sale thereof. *Held,* that under the terms of the leases the plaintiff had no property in the wool as such, until its delivery to him, and no lien thereon, either by way of chattel mortgage or pledge.

PLEDGE — AGREEMENT FOR DOES NOT CREATE LIEN. — An agreement to pledge personal property does not create a lien thereon in favor of the intended pledgee, either as against a creditor of the intended pledgor, or his assignee in bankruptcy or insolvency.

APPEAL from a judgment of the Superior Court of Sonoma County.

The facts are stated in the opinion.

*Henley, Whipple & Oates,* and *James W. Oates,* for Appellant.

*James H. McGee,* for Respondent.

SEARLS, C.—This is an action to recover possession of personal property.

A demurrer was interposed to the complaint, which was sustained by the court, and plaintiff declining to amend, final judgment was entered in favor of defendant, from which plaintiff prosecutes this appeal.

The complaint shows that in 1878 plaintiff leased to one Arthur Thing, for a term of five years, certain premises in the county of Sonoma, with thirteen hundred sheep, and other stock and property, at an annual rental of $1,540, payable one half on the 15th of June in each year, and the remaining half on the 1st of November in each year. The lease provided that the wool sheared from the sheep should be delivered at Cloverdale by the lessee in the name of the lessor (plaintiff), to be sold by the latter, and the rent to be retained, and the balance to be paid to the lessee.

In August, 1879, the plaintiff, by a separate lease, let to Thing for three years, from May, 1879, two thousand seven hundred sheep additional, at an annual rental of $516, payable in May and November of each year.

This last lease provided that the lessee should not remove the sheep from the ranch, and that the wool arising from the sheep should be marked on the ranch in the name of the lessor, and shipped to him at Cloverdale or Healdsburg, as the lessor might elect.

The rent due plaintiff on the 1st of November, 1881, was $1,028.

The lessee, Thing, sheared, and had on the ranch ready to deliver to plaintiff, five thousand five hundred pounds of wool, when on the twenty-ninth day of October, 1881, he (Thing) filed his petition in insolvency, and was duly adjudged an insolvent by the court.

Defendant was appointed assignee in insolvency, took possession of all the property, and refused to deliver the wool to plaintiff upon demand, or to pay the rent due.

The wool is of the value of one thousand five hundred dollars.

Plaintiff demanded judgment for possession of the wool, or the value thereof if possession could not be had; and second, if not entitled to possession of the wool, that a lien be established thereon in his favor for the rent due, and that defendant as assignee be ordered to pay the sum of $1,208 and interest out of the proceeds of the sale of the wool.

It is apparent from the foregoing statement that the sheep and other property were leased for a rent reserved or convenanted to be paid in cash at stated intervals. No interest was retained by the lessor in the wool, but it was made a medium through which, when delivered to the lessor, payment of the rent was to be made.

Under one of the leases, the wool was to be sold by the lessor, and the rent to be retained out of the proceeds of the sale, and the balance to be paid to the lessee.

The other lease is silent as to what disposition is to be made of the wool, but as the rent is fixed, and is payable in cash, it must be presumed it was to be delivered either in payment at its cash value, or as security for the payment of the rent due.

A landlord in this state has no lien for rent reserved, or for the value of the use and occupation of property.

The plaintiff, under his lease, had no property in the wool, as such, until it was sheared from the sheep, and delivered to him, under one of the leases; and under the other, until marked and shipped to him. The property

was not of the character specified in section 2955 of the Civil Code, as that upon which a valid mortgage, usually termed a chattel mortgage, could be made without delivery of possession, and had it been, there was no attempt to execute such a mortgage.

It was not pledged, and could not have been pledged, without delivery of possession to the pledgee or a pledge-holder. (Civ. Code, sec. 2988.)

If we treat it as an agreement to pledge, and assume the complaint to be broad enough in its allegations to warrant a decree enforcing it as such, the case is not altered.

An agreement to pledge, as distinguished from an actual pledge, creates no lien as against a creditor of the intended pledgor, or as against his assignee in bankruptcy or insolvency.

Equity will not regard as done that which one has agreed to do, when to so regard it would be to the injury of third persons who have acquired rights before the execution of the agreement. (Jones on Pledges, sec. 28.)

"An agreement to deliver property in pledge amounts to nothing as security. The pledgee acquires no right of property until delivery is actually made."

"A delivery cannot be dispensed with by a written agreement that the party making the pledge will hold it as the bailee of the pledgee." (Id., sec. 29, and cases cited.)

It follows that the plaintiff had no such interest in the wool, or lien thereon, as entitled him to a recovery, or to a judgment establishing a lien thereon in his favor against the defendant as assignee in insolvency of Arthur Thing, the lessee, and the order sustaining the demurrer was proper, and the judgment appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

McKEE, J., concurred in the judgment.

THORNTON, J., dissented.