[L. A. No. 649.   Department Two.—May 19, 1900.]

ELIZABETH B. DARVILLE, Respondent, v. C. R. MAY-
HALL et al., Appellants.

FRAUDULENT TRANSFER—INSUFFICIENT CHANGE OF POSSESSION—LEVY
UNDER EXECUTION—JUSTIFICATION—SHOWING REQUIRED.—An officer
who would justify the taking of personal property from a
stranger to the writ, and who would assail the transfer as fraud-
ulent and void as to creditors because of an insufficient change
of possession, must prove not only the execution, the levy, and
that the execution plaintiff was a creditor of the defendant, but
also the rendition of the judgment, and that the execution was
issued thereupon.

ID.—ACTION AGAINST CONSTABLE AND SURETIES—INSUFFICIENT DEFENSE—
ADMISSION AS TO EXECUTION.—In an action by a wife against a con-
stable and his sureties to recover the value of personal prop-
erty taken from plaintiff's possession, under execution against
her husband, where the answer contains only a general denial
and no plea of justification, a mere admission by the plaintiff
that the property was seized under an execution issued out of a
justice's court in a specified action against her husband, does not
show any indebtedness of the husband nor any judgment
against him, nor the issuance of execution upon such judgment,
and does not, in the absence of any other showing, entitle the
constable to question the validity of a transfer from the hus-
band to the plaintiff.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County.   E. P. Unangst, Judge.

The facts are stated in the opinion.

G. & A. Webster, for Appellants.

George F. Witter, Jr., for Respondent.

COOPER, C.—This action was brought to recover of defend-
ant C. R. Mayhall and the other defendants, who are sureties
on his official bond as constable, the value of certain personal
property described in the complaint, and which property is
alleged to have been wrongfully taken from the possession of
plaintiff by defendant, as constable, under a writ of execution
against one S. W. Darville.   After trial findings were filed and

*judgment* entered for plaintiff. Defendants have appealed from the judgment on the judgment-roll and a bill of exceptions. Defendants' argument is directed to the contention that the plaintiff is the wife of one S. W. Darville, and that the property was transferred to her by her said husband, and it is claimed that such transfer was not accompanied by an immediate delivery, nor followed by an actual and continued change of possession, and for this reason the transfer is fraudulent and void. The defendants have not alleged or proven that C. R. Mayhall, in taking the property, represented any creditor. It is not shown that any judgment existed, nor that an execution was ever issued upon any judgment. The property was in the possession of plaintiff, who was a stranger to the writ of execution. In order for an officer to justify the taking of property under an execution against another who is a stranger to the writ, or to show that the transfer of the property by the execution debtor was fraudulent and void as to the execution creditor, he must prove not only the issuing of the execution, the levy, and that he was a creditor, but also the rendition of a judgment upon his debt, and that the execution was issued upon the judgment. (*Thornburgh v. Hand,* 7 Cal. 562; *Paige v. O'Neal,* 12 Cal. 495; *Bickerstaff v. Doub,* 19 Cal. 112; 79 Am. Dec. 204; *Leszinsky v. White,* 45 Cal. 279; *Kane v. Desmond,* 63 Cal. 465.) The answer contains only a general denial. No attempt at justification is made therein. Not only this, but there is no proof of any indebtedness, of any judgment, nor of the issuing of any execution upon any judgment. The bill of exceptions shows that it was admitted that the property was seized "by virtue of an execution issued out of the justice's court of his said township in an action entitled *S. W. Darville v. Gilbert Middagh.*" This does not show any indebtedness nor any judgment. The defendant, therefore, cannot question the transfer to plaintiff, nor its validity in any respect.

It follows that the judgment should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.