[Civ. No. 454.  Second Appellate District.—December 31, 1907.]

R. E. IBBETSON, and MAUDE R. IBBETSON, Respondents, v. W. R. PEAIRSON, Appellant.

LEASE FOR TERM OF YEARS—ACTION FOR RENT—RIGHT OF LESSEE TO CROPS—TERMS OF LEASE—APPOINTMENT OF RECEIVER—WANT OF JURISDICTION.—Where the only cause of action stated in a complaint by a lessor against a lessee for a term of years is for cash rent due, and it is not alleged that any lien or interest in the crops is reserved to the lessor, or that any right of re-entry or forfeiture is provided in the lease for conditions broken, the whole crop belongs to the lessee, and mere allegations that defendant did not,

as agreed, irrigate and cultivate the whole land, that he broke a stipulation not to sell any part of his crops without written consent of the lessor, that the growing crops require attention, and that defendant is insolvent, do not confer jurisdiction upon the court to make an *ex parte* order appointing a receiver to care for, harvest and sell the crops, and such order must be reversed upon appeal.

APPEAL from an order of the Superior Court of Orange County, appointing a receiver.    Z. B. West, Judge.

The facts are stated in the opinion of the court.

Variel & Hannon, for Appellant.

J. W. MacDonald, and Victor Montgomery, for Respondents.

ALLEN, P. J.—Appeal by defendant from an order appointing a receiver.

The complaint alleges that on December 6, 1906, plaintiffs leased to defendant certain premises described for the period of five years from November 1, 1906, for a rental of $9,000, payable $450 May 1, 1907, $900 August 1, 1907, and the remainder in quarterly installments of $450 each. That by the terms of the lease defendant was to plant the whole of said premises in certain annual crops and to irrigate and cultivate the same; that if he should fail to so plant or irrigate such crops plaintiffs were entitled to give him five days' notice so to do. It was further provided that no part of the crops should be sold without plaintiffs' written consent. It is further averred that defendant made default in planting and irrigating certain portions of the premises, and in the payment of the first installment of rent; and, in addition, sold about $800 worth of growing crops without plaintiffs' consent. That plaintiffs have given the five days' notice specified because of the failure to plant and irrigate. That the growing crops now on a part of said premises require attention; that irrigation and cultivation is necessary; that defendant is insolvent, having no property other than the growing crops subject to execution; and the prayer is for judgment for the $450 rent, for damages for waste, for restitution, and for the appointment of a receiver.

The lower court made an *ex parte* order appointing a receiver to care for, harvest and sell the crops, and to hold the proceeds until the further order of the court. From this order defendant appeals under subdivision 3, section 939, Code of Civil Procedure.

The only cause of action stated in the complaint is one to recover the sum of $450 rent due. It is properly conceded by respondents that the action is not in ejectment. This is evident when we consider that the allegations necessary in such an action are wanting. No lien is reserved in the lease upon the crops, and the landlord has no lien for rent reserved. (*Hitchcock* v. *Hassett*, 71 Cal. 333, [12 Pac. 228].) No interest or property in the crop was reserved by the lease, but the rental was expressly stipulated to be in cash, and it follows that the products of the soil became the property of the lessee. The mere stipulation that the lessee will not sell property which belongs to him without the consent of the landlord gives the latter no lien thereon. No right of re-entry is reserved. No conditions are provided for forfeiture. The rent being in cash and plaintiffs having no lien or present interest in the crops, no injury could result to plaintiffs from the failure of the tenant to care for his own.

The court was without jurisdiction, under the allegations of the complaint, to appoint a receiver, and the order is reversed.

Shaw, J., and Taggart, J., concurred.