[Civ. No. 857.    Second Appellate District.—November 21, 1910.]

## CITIZENS' SECURITIES COMPANY, a Corporation, Respondent, v. W. A. HAMMEL and THE METROPOLITAN SURETY COMPANY, a Corporation, Appellants.

CORPORATIONS—LEASE OF ROOMS—FURNITURE—UNAUTHORIZED SECURITY FOR RENT—ATTACHMENT—ACTION AGAINST SHERIFF—UNSUPPORTED FINDING.—Where one corporation leased rooms from another owning the building and was in default for rent, and the lessor took possession of the lessee's furniture by locking the rooms, but allowed a meeting of directors of the lessee to be held therein, after which it was stated as the sense of three or four of the directors talking about it that the lessor should hold the furniture as security for the unpaid rent, whereupon it relocked the rooms, after which, at suit of a creditor of the lessee, the sheriff seized and removed the property, and an action was brought by the lessor against the sheriff and his surety, in which the lessor recovered judgment, it is held that a finding in such action that the corporation lessee delivered the furniture to the lessor as security for rent is unsupported by the evidence.

ID.—BURDEN OF PROOF UPON PLAINTIFF—RIGHT OF POSSESSION.—The burden of proof was upon the plaintiff, in order to sustain the action against the sheriff and his surety for seizure of the leased furniture, to show not only that it had possession thereof at the time of the levy, but also some right of possession. But it is held, upon the facts, that the plaintiff failed to show any right of possession of the furniture.

ID.—AUTHORITY OF OFFICERS OF CORPORATION—PLEDGE OF PROPERTY FOR ANTECEDENT DEBT.—The executive or managing officers of a corporation have not the authority, except upon power from the board

of directors, to pledge or mortgage the property of the corporation for an antecedent debt. No director of the corporation has such power.

ID.—POWER OF BOARD OF DIRECTORS—VOTE WHEN ASSEMBLED AS A BOARD ESSENTIAL.—The board of directors of a corporation may pledge its property for an antecedent debt, but that it may authorize such act it is necessary that the board shall be in session at a meeting lawfully assembled.

ID.—BURDEN OF PLAINTIFF TO SHOW LAWFUL ACTION OF DIRECTORS.— Plaintiff, relying upon the right of possession as conferred by the board of directors of the corporation lessee, must affirmatively show facts from which such authority may be reasonably inferred. Seven members out of eleven would have no authority to pledge the corporate property for an antecedent debt, if it is not shown that they were legally assembled for the transaction of corporate business.

ID.—VOTE OR RESOLUTION OF DIRECTORS ESSENTIAL—RECORD NOT ESSENTIAL.—Some formal action of the board of directors by vote or resolution of a majority of the members of the board lawfully assembled is necessary to warrant the pledging of the corporate property. The vote or resolution need not be spread upon the minutes, if it is shown to have actually passed.

ID.—INFORMAL CONVERSATION SHOWING SENSE OF MAJORITY INSUFFICIENT.—The mere statement of a conversation between four out of seven directors, there being no proof that the other three were present or participated therein or were aware thereof, is far from showing any resolution or authority upon the part of the board.

ID.—SEIZURE OF POSSESSION BY LANDLORD.—A landlord who has no lien reserved for rent, or for the value of the use and occupation, cannot acquire right of possession of the tenant's personal property for rent by forcibly taking possession thereof.

ID.—RIGHTS OF LESSEE AND OF ATTACHING CREDITOR.—If the corporation lessee could have legally maintained claim and delivery of the property against the lessor, the right of possession thereof being in the lessee at all times, the writ of attachment against the lessee would be a sufficient justification without further proof of its lawful issuance or of the debt sued upon.

ID.—AVERMENT OF JUSTIFICATION IN COMPLAINT.—Where the complaint in the action against the sheriff alleges that the writ of attachment was duly issued, such averment can receive no other construction than that the action was based upon a debt and upon an affidavit required by the statute, which establishes the justification, in any point of view.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

John C. Stick, for Appellants.

Frank W. Burnett, for Respondent.

ALLEN, P. J.—Appeal by defendants from a judgment of the superior court of Los Angeles county. and from an order denying a new trial.

It is alleged in the complaint that plaintiff, the owner of a building in Los Angeles, leased the same to a corporation known as the Ocean View Cemetery Company; that prior to the 21st of October, 1908, the cemetery company was indebted to plaintiff in the sum of $395.50 on account of rent of said premises; that before said twenty-first day of October, as security for such unpaid rent, the cemetery company delivered to plaintiff possession of the office furniture contained in said rooms so leased, and vacated the same; that on the 21st of October the defendant sheriff, by virtue of a writ of attachment duly issued to said sheriff in an action begun in the superior court of Los Angeles county against said cemetery company, levied the same upon the property so in the hands of plaintiff, removed said property from said premises and converted the same to his own use. The defendants deny that said cemetery company ever or at all delivered said property into plaintiff's possession; denied that any delivery of possession was for the purpose of securing to plaintiff the payment of said unpaid rent, and denied that plaintiff on the date of the levy was in the actual or peaceable possession of said property.

Upon the trial of the action, the court found in favor of plaintiff, that the cemetery company was indebted to plaintiff in the sum claimed, and that the cemetery company in consideration thereof, delivered to plaintiff possession of the office furniture contained in said rooms and vacated the same; found the property of the value claimed and rendered judgment accordingly.

Appellants' primary and principal contention is that there is no evidence in the record warranting the finding of the court that the cemetery company ever delivered to plaintiff possession of the office furniture as security for the debt. A careful examination of the record satisfies us that appellants'

contention in this regard must be sustained. It was incumbent upon plaintiff to show, in order to maintain this action, not only possession, but some right to the possession. It does show actual possession of the property at the time of the levy, but introduces no evidence from which it can be said' that the right to such possession was established. The only evidence tending to show such right of possession is to the effect that shortly before the levy by defendants and when the indebtedness existed, the plaintiff, as the landlord of the cemetery association, upon failure and refusal to pay the rent, changed the lock upon the door, thus acquiring possession of the furniture contained in the rooms; that within a day or two thereafter, upon the application of the secretary of the cemetery association and upon representations that the association desired to hold a directors' meeting for the purpose of levying an assessment, the plaintiff unlocked the doors of the rooms in which such furniture was contained and permitted certain directors of the cemetery association to hold their meeting therein. It appears from the record that the cemetery association is a corporation governed by a board of eleven directors, seven of whom were present at this meeting. It is not shown that this meeting was a regular meeting of the association, or that it was a special meeting, notice of which had been given as required by law. It does appear, however, that after the seven members of the board had assembled a conversation took place between four of the members, during which "it seemed the sense of the three or four talking about it was that the company (meaning plaintiff) should have the furniture as security for the rent," in which conversation one Nolan, manager of the corporation, took part and acquiesced. After adjournment of the meeting one of the directors notified the plaintiff that it was the sense of the meeting to have the furniture turned over to plaintiff to apply upon the rent of said office past due, and such director further said: "You will please take possession at my suggestion in order to protect myself on the note signed jointly by myself and others, and to verify my verbal instructions made Monday last." Upon the strength of this statement, and after adjournment of the board, plaintiff again took possession of the furniture by changing the lock on the door again and excluded the cemetery association therefrom. It

must be conceded that the executive or managing officers of a corporation have not the authority, without instructions from the board of directors, to pledge or mortgage the property of the corporation for antecedent debts. Especially would this be true of one simply a director of such corporation. The right of the board of directors to pledge or mortgage the property even for antecedent debts must be admitted, but that such board may authorize such act it is necessary that they be in session at a meeting lawfully assembled. Plaintiff relying, as it must, upon the right of possession, as conferred upon it by the board of directors, must affirmatively show facts from which such authority may be reasonably inferred. Seven members of the board out of a total membership of eleven, notwithstanding they constitute a majority, would not have authority to pledge the property of the corporation for an antecedent debt, unless they were legally assembled for the purpose of transacting corporate business. There is nothing in the record to indicate that this board was so assembled at the time plaintiff claims the authority was given. In addition to this, we are of opinion that some action in the nature of a resolution would be necessary in order to warrant an officer of the corporation in thus pledging corporate property. The resolution need not necessarily be spread upon the minutes, if actually passed, but a conversation simply between four members—the other three present not being shown to have participated therein, nor in fact to have been aware of such conversation—is far from showing any resolution or authority upon the part of the board. It goes without saying that a landlord, having no lien for rent reserved or for the value of the use and occupation of property (*Hitchcock* v. *Hassett,* 71 Cal. 334, [12 Pac. 228]), cannot acquire right of possession or an interest in the tenant's personal property by forcibly taking possession thereof.

Respondent, however, insists that, waiving all of these matters hereinbefore discussed, the judgment should be affirmed for the reason that the defendant sheriff did not justify, in that it was neither alleged nor proven that the writ of attachment held by him was issued upon proper affidavit, or that any indebtedness existed warranting the issuance of such writ, and this is claimed upon the authority of *Darville* v. *Mayhall,* 128 Cal. 617, [61 Pac. 276]. It will be observed,

however, that this case differs materially from the one just cited. The rule therein laid down applies to cases where there has been a transfer of title, or where the possession is held under such circumstances as to preclude the owner from retaking possession. In *Thornburgh* v. *Hand*, 7 Cal. 567, the rule as laid down by Starkie on Evidence is approved, which is: "If the assignment and delivery of possession were merely colorable, and the property still remained in the debtor, against whose goods the execution issued, the sheriff, it seems, would be entitled to a verdict without proof of the judgment, the plaintiff having no property in the goods." If, therefore, the owner of the property here under consideration could have retaken possession through claim and delivery, the right of possession remaining in such owner at all times, the writ of attachment would be a sufficient justification, for a writ of attachment or execution as against the debtor is a sufficient justification. In addition to all of this, however, the plaintiff in this case alleges that the writ of attachment was duly issued, which can receive no construction other than that it was based upon a debt and an affidavit required by the statute. In either view of the case, we think the justification was established.

For the reasons above stated, the judgment and order denying a new trial are reversed and cause remanded for further proceedings.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 21, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 16, 1911.