[Civ. No. 7919.   Third Dist.   Sept. 11, 1951.]

TERRY T. WHITESIDE, Respondent, v. THE UNITED THEATRES (a Corporation) et al., Appellants.

Russell A. Harris for Appellants.

Floyd H. Bowers for Respondent.

SCHOTTKY, J. pro tem.—On September 28, 1947, respondent was a patron of the Del Oro Theatre in Grass Valley. While walking between two rows of seats in said theater she stepped on a walnut and as a result fell and sustained certain personal injuries. She filed an action for damages on January 14, 1948, alleging in the first paragraph of her complaint: "At all times herein mentioned the defendant, United The-

atres, has been and now is a corporation duly organized and existing under and by virtue of the laws of the State of California, and jointly with the defendant Jack Keegan, was and now is the owner of and engaged in a theatre and picture-show business within the City of Grass Valley, County of Nevada, State of California, under the firm, name and style of the 'DEL ORO THEATRE,' wherein the said defendents offered entertainment to the public for an admission.''

Paragraph I of the answer of defendants and appellants is as follows: ''Answering Paragraph I, admit that the United Theatres has been and now is a corporation duly organized and existing under and by virtue of the laws of the State of California, and admit that the defendant Jack Keegan was and now is an employee in the theatre known as the Del Oro Theatre, located in the City of Grass Valley, County of Nevada, State of California, but deny each and all and every the allegations in said paragraph I contained not herein specifically admitted.''

At the close of plaintiff's case defendants made a motion for a nonsuit upon the ground that there was no proof of ownership or control or operation of the theater by either of the defendants, and upon the ground that there was no proof of negligence. The motion was denied. At the conclusion of all the testimony in the case defendants moved for a directed verdict which motion was also denied by the court. The jury returned a verdict in favor of plaintiff and against both defendants for $4,100.80, and defendants' motion for judgment notwithstanding the verdict was denied. The appeal is from the judgment entered on said verdict.

Appellants do not contend that the evidence is insufficient to prove that respondent's injuries were caused by the negligence of whoever were the owners and operators of the theater, or that the amount of damages involved is excessive; but appellants contend (1) that the evidence is insufficient to prove the ownership and operation of the theater in question by appellants or either of them; and (2) that the court erred in giving certain instructions to the jury.

It is apparent from the complaint that respondent's counsel proceeded on the assumption that appellants were the owners and operators of the Del Oro Theatre. Appellants' answer is very carefully worded so as to include a denial of this allegation in the clause ''but deny each and all and every the allegations in said paragraph I contained not herein specifically admitted,'' and the answer is not verified by any of the

appellants, but by their counsel. Counsel for respondent apparently did not realize until the day before the trial, which was held on April 5, 1949, more than one year after the accident, that the ownership was to be contested.

Respondent introduced testimony relating to how she received her injuries and the nature and extent thereof, but, in view of the fact that appellants do not argue that respondent's injuries were not caused by negligence and do not contend here that the amount of damages awarded was excessive, it is unnecessary to summarize this testimony.

Respondent sought to connect appellants with the ownership and operation of the Del Oro Theatre chiefly by testimony relating to the activities of Ford B. Lytle, a claims adjuster with offices in Sacramento. She testified, over the vigorous objections of appellants, that Lytle called on her a few days after the accident, and informed her that he was a representative of the United Theatres and the Del Oro Theatre, and that he had received a letter from appellant Keegan regarding her claim. She referred Lytle to Mr. Bowers, her attorney.

Over the vigorous objections of appellants, Mr. Bowers, the attorney of record for plaintiff, testified that he and Mr. Lytle had engaged in numerous negotiations concerning the case. Several letters concerning the negotiations were introduced into evidence. Bowers testified that "Mr. Ford B. Lytle called at my office and he told me he was an attorney at law and that he represented the defendants in this case and the United Theatres, and I asked him who owned the Del Oro Theatre and he said it was owned by the United Theatres, that they were the people that he represented." On October 16, 1947, F. P. Dunnington, Jr., of Lytle & Dunnington wrote the following letter to Bowers: "We have been advised by our client, Mrs. Terry T. Whiteside, that you are representing her in a claim against the United Theatres. We are the claim representatives for the insuror of the United Theatres in the Sacramento area. We shall be glad to discuss the matter with you at your convenience." Lytle requested and was granted permission by Bowers to have plaintiff examined by a physician selected by Lytle. The examination was conducted by Doctor Haig of Sacramento in November, 1947.

Other negotiations were conducted between Bowers and Lytle after the complaint was filed January 16, 1948. Lytle accepted service on behalf of the United Theatres. On April 14, 1948, Lytle wrote to Bowers, the last paragraph provid-

ing: "The understanding between you and me is that the Defendant need not appear or plead, and that no advantage will be taken of the failure to appear and to plead. However, I hate to be putting this off so long and would much prefer, as stated above, to bring the matter to a head, one way or another." Negotiations for a settlement failed, and Lytle by letter dated April 30, 1948, stated: "Under the circumstances, I have referred the matter to the office of Russell A. Harris, Esq., who will no doubt be in touch with you at an early date concerning the matter." The answer was filed June 5, 1948, by Russell A. Harris, attorney for defendants.

Lois LeDuc, City Clerk of Grass Valley, a witness called by respondent, testified that as part of her duties she issued business licenses in Grass Valley, and over objection of appellants further testified that between July 1, 1946, and the date of her testimony (April 5, 1949) she issued the business licenses for the Del Oro Theatre in Grass Valley; that the licenses were issued to the Del Oro Theatre, and Mr. Keegan gave the check for them; that she did not know if the name Del Oro Theatre appeared on the check; that she did not know whether appellant Keegan signed the check as owner or manager of the Del Oro Theatre; that she did not know the name of the account upon which the check was drawn; that said business licenses contained a statement that Del Oro Theatre had paid into the city treasury $60 license fee; that the licenses issued to Del Oro Theatre never contained the name of appellant Keegan, but appellant Keegan did have a business license in his own name for his own real estate and insurance business.

Appellants in their defense called only two witnesses, appellant Keegan and Victor Vesley, janitor at the theater. Appellant Keegan testified that he had a real estate and insurance business of his own and that he was also manager of the Del Oro Theatre; that he had a license in his own name for the real estate and insurance business, but that the license for the Del Oro Theatre was in the name of the Del Oro Theatre and his name did not appear on said license; that the fee for said license was paid by a check of the Del Oro Theatre signed by him (Keegan); that said check was not drawn against his funds but against the funds of the Nevada County Theatres, Inc.; that no money of his own was put into the said account; that he was the manager of the said Del Oro Theatre but that he had no interest whatsoever in said theater; that he was an employee of the Nevada

County Theatres, Inc., and had been so employed since 1937; that prior to the year 1937 he was interested in another theater and at about that time he sold his interest to the Nevada County Theatres, Inc., and retained no interest whatsoever in any one of those theaters; that he is paid a salary; that social security deductions are made from his salary; that he had an immediate superior by the name of C. V. Taylor, who was also an employee of the Nevada County Theatres, Inc.; that he makes a daily check of maintenance conditions of the Del Oro Theatre and makes reports to the San Francisco office of the Nevada County Theatres, Inc., every month; that he had no authority to contract for any supplies for Del Oro Theatre over $5.00 value and that anything over $5.00 value was requisitioned from the office in San Francisco; that an accident report referring to respondent's accident was made out by him and one copy was sent to ·Cosgrove and Company, insurance brokers in San Francisco, and another copy was sent to the Nevada County Theatres, Inc.; that he is not a stockholder in either the Nevada County Theatres, Inc., or the United Theatres.

Appellants contend that the above evidence is insufficient to establish that they were the owners of the Del Oro Theatre. They argue that the statements and declarations of Lytle are incompetent to prove the fact of his agency and cannot bind appellants. They cite *Union Const. Co.* v. *Western Union Tel. Co.*, 163 Cal. 298, where the well established rule is thus stated at page 305 [125 P. 242]: "Unless at least *prima facie* evidence of such authority appears, such conversations are not admissible. If, in the present instance, there is no sufficient evidence of the identity of the person answering the call as the agent of the defendant at its office, the evidence was properly excluded. It may be added that the statement of that person that he was such agent, was not, in and of itself, competent evidence of the agency. Agency is not provable by the mere declarations of the agent, not made under oath or in the presence of the principal, unless communicated to, and acquiesced in, by the principal."

Appellants also cite *Scott* v. *Los Angeles Mountain Park Co.*, 92 Cal.App. 258, where this court said at page 263 [267 P. 914]: "In support of their contention that the testimony referred to and sought to be elicited was admissible to prove the agency of H. A. Lloyd, the appellants cite the rule stated in 2 Corpus Juris, 933, which reads as follows: 'The rule that the declarations of an agent are as against his principal

inadmissible to prove the fact of his agency does not apply to his testimony as a witness on the trial in which such fact is in issue; and consequently the testimony of the agent, unless he is disqualified for some other reason, is competent to establish the fact of his agency, and the existence of facts from which the agency may be inferred.' (Citing, also, *Raftis* v. *McCloud River Lumber Co.*, 35 Cal.App. 397 [170 P. 176].) That the witness Lloyd might have been placed upon the witness stand and asked as to all the facts tending to show his authorization to act as an agent for the defendant is really what is supported by the rule just stated, and not what he may have told somebody in relation thereto. This action being between the plaintiffs and the defendant, the witness Lloyd could have testified directly as to his agency by stating whatever there was, if anything, tending to show his appointment or authorization to act as agent, but to put a witness on the stand to testify to what she had heard Mr. Lloyd state or what representations he had made was an entirely different matter and not in anywise supported by the authorities cited, but absolutely contrary thereto."

Respondent in reply contends that under the facts of this case she is entitled to rely upon the disputable presumptions contained in section 1963, subdivisions 11 and 12, of the Code of Civil Procedure, "that things which a person possesses are owned by him," and "that a person is the owner of property from exercising acts of ownership over it, or from common reputation of his ownership."

So far as appellant United Theatres is concerned there is no evidence in the record connecting it with the Del Oro Theatre except the declarations of Ford B. Lytle, testified to by respondent and her attorney. As hereinbefore pointed out, the agency of Lytle cannot be proved in this manner and we are therefore compelled to hold that the judgment against appellant United Theatres is without support in the record; and that the presumptions relied upon by respondent do not aid her in her effort to sustain the judgment against said appellant.

However, we believe the situation is somewhat different so far as appellant Keegan is concerned. He was in active control and operation of the theater which was conducted under the fictitious name of Del Oro Theatre. No certificate designating the owners of the Del Oro Theatre was filed with the County Clerk of Nevada County pursuant to section 2466 of the Civil Code. The city license was in the name of Del

Oro Theatre, and the license fee was paid by a check signed by him, and the city clerk did not know whether appellant Keegan signed the check as owner or manager. Appellant Keegan testified that the check was drawn against the funds of the Nevada County Theatres, Inc., but the check itself was not introduced in evidence. Appellant Keegan also testified that he had no interest in the theater other than as manager, that he was paid a salary and that social security deductions were made from his salary; but it is significant that while the Employees Compensation and Insurance record of the janitor at the theater, Vesley, was offered in evidence, no such record was offered to show that appellant Keegan was an employee of the Del Oro Theatre. Furthermore, no officer of the appellant United Theatres, or of Nevada County Theatres, Inc., testified in the case.

While it must be conceded that the preponderance of the evidence indicates strongly that appellant was the manager, we cannot say upon the record here, in view of the presumptions referred to, that the implied finding of the jury that appellant Keegan was an owner of the Del Oro Theatre is without support in the record. It was for the jury to weigh the statements and denials of appellant Keegan against the presumptions and other evidence. If the trial judge considered the verdict against the weight of the evidence, it would be a proper case for the trial court to grant a motion for a new trial; but in the instant case the record does not disclose that any such motion was made.

Appellants' second main contention is that the court erred in giving certain instructions to the jury.

The court instructed the jury on the disputable presumptions noted above. The court gave the following instructions on agency: "You are instructed that where a principal with full knowledge of all the circumstances deliberately ratifies the acts, doings or omissions of another, assuming to act as his agent, he will be bound thereby as fully as though it had been done originally with the principals' authority."

"You are instructed that section 2334 and section 2338 of the Civil Code of California, which were in effect at the time of the accident and are now in force and effect in California provide as follows:

"Section 2334:

"A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good

faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof.

"Section 2338:

"Unless required by or under authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his wilful omission to fulfill the obligations of the principal."

■ So far as the instructions as to the disputable presumptions are concerned, we are unable to agree with appellants that there is nothing in the evidence to warrant giving them. They were certainly proper so far as appellant Keegan was concerned, and, in view of our conclusion that the evidence does not support the judgment against appellant United Theatres, no prejudice has resulted to it.

■ As to the instructions upon principal and agency, such instructions, if improper, could only affect appellant United Theatres, the judgment against whom, as we have already indicated, must be reversed. The instructions were correct as an abstract statement of law, but in view of the fact that the testimony as to the declarations of Lytle was inadmissible to prove his agency, the instructions should not have been given. However, no prejudice as to appellant Keegan resulted from the giving of said instructions.

No other points raised require discussion.

In view of the foregoing the judgment is affirmed as to appellant Jack Keegan and reversed as to appellant United Theatres, a corporation.

Adams, P. J., and Peek, J., concurred.

Appellant Keegan's petition for a hearing by the Supreme Court was denied November 7, 1951. Schauer, J., and Edmonds, J., voted for a hearing.