[Civ. No. 17779.   First Dist., Div. One.   Nov. 14, 1958.]

EUGENE W. HOLTKAMP, Appellant, v. STATES MARINE CORPORATION (a Corporation) et al., Respondents.

Delaney, Fishgold & Freitas for Appellant.

John F. Porter and Lillick, Geary, Wheat, Adams & Charles for Respondents.

PETERS, P. J.—Plaintiff appeals from the order granting the motion of Sprague Steamship Company to quash service of summons, and also from an order denying plaintiff's motion to enter the default of Sprague Steamship Company. At the oral argument plaintiff properly conceded that the order denying the motion to enter the default is not appealable, and conceded that the appeal from that order should be dismissed.

Plaintiff brought an action under the Jones Act for personal injuries against States Marine Corporation and Black Company, a corporation sued under a fictitious name. The complaint alleged that defendants owned, operated, managed, navigated, maintained and controlled the SS "Wideawake" and that plaintiff was injured on this vessel while engaged in his duties as a wiper as the result of defendants' negligence. A second cause of action alleged that the vessel was unseaworthy. The complaint was filed on October 21, 1955.

Defendant States Marine Corporation answered this complaint, admitting that it was a corporation doing business in San Francisco, and denying the other allegations of the complaint. This defendant also pleaded contributory negligence of and assumption of risk by the plaintiff as affirmative defenses.

Sprague Steamship Company was served on July 11, 1956, as Black Company by the delivery of the summons and complaint to States Marine Corporation. On September 14, 1956, Sprague moved to "Dismiss and Quash Purported Service of Summons" on it. The motion was predicated on the grounds that Sprague was a foreign corporation not doing business in California; that States Marine Corporation was not a proper agent to accept service on behalf of Sprague; and that Sprague has not conducted any intrastate business in California.

Affidavits were filed in support of this motion. These aver, on information and belief, that Sprague is a foreign corporation with its principal place of business outside California; that it has not filed certified copies of its articles with the Secretary of State of California, nor has it designated a person upon whom service could be made, nor has it consented to

service in California, nor has it authorized any person or corporation in California to accept service of process on its behalf; that Sprague owned the SS "Wideawake" at the time of plaintiff's alleged injury and that States Marine Corporation was a time charterer of the vessel at that time; that before the date States Marine Corporation was served on behalf of Sprague, Sprague had sold the SS "Wideawake" and now owns no vessels calling in California ports; that neither at the time of service nor at any other time has there been an agency relationship between Sprague and States Marine Corporation; that Sprague does not now and did not at the time of service do any business in California; and that when Sprague owned the SS "Wideawake" it made only rare calls to any California port.

Affidavits in opposition to the motion to quash were filed by plaintiff. In one affidavit it is admitted that service on Sprague had been attempted by service on States Marine Corporation; that the law firm purportedly representing Sprague had presented and secured a stipulation granting counsel until August 21, 1956, to "Plead to, except to, demur to, answer to or move to the Complaint"; that on August 30, 1956, these same attorneys wrote to plaintiff's attorney asking for additional time to plead, and that plaintiff's attorney granted additional time to these attorneys to answer the complaint. Another affidavit avers that plaintiff and the entire crew of the SS "Wideawake" signed the shipping articles for the voyage on which plaintiff was injured in the State of California; that stores and supplies for the vessel were purchased in California; that the vessel went into dry dock in California while plaintiff was a member of the crew; that an attorney for States Marine Corporation, John F. Porter by name, represented to plaintiff's attorneys that States Marine Corporation was the local agent for Sprague, and that it was for this reason that service was made on States Marine Corporation; that had this representation not been made, plaintiff would have served the Secretary of State.

At the hearing Porter testified that his firm had been retained by Sprague to represent them on the motion to quash.

On this record the trial court granted the motion to quash.

Plaintiff attacks the order granting the motion on several different grounds. It is first contended that procuring the extensions of time constituted a general appearance on the part of Sprague. If Sprague made a general appearance by securing such extensions it would, of course, constitute a

waiver of defective service. Prior to 1955 there was considerable confusion over the legal effect of securing extensions by stipulation or order. (See, for example, *California etc. Co.* v. *Superior Court,* 13 Cal.App. 65 [108 P. 882], and *Davenport* v. *Superior Court,* 183 Cal. 506 [191 P. 911].) This confusion was set at rest by the addition of section 416.1 to the Code of Civil Procedure in 1955. By that section it is provided that any defendant may, within a specified period, move to quash the service of summons upon the ground of lack of jurisdiction of the court over him, and that ''Neither an application to the court by any defendant . . . for an extension of time within which to plead, nor the granting of such extension nor entering into a stipulation of the parties for such extension, shall constitute a general appearance by said defendant.''

■ Plaintiff seeks to evade the application of this section by pointing out that it requires that the notice of motion specify a date for hearing the motion which must not exceed ten days from the date of the filing of the notice of motion. The notice of motion here involved does not designate a specific hearing date, simply stating that the motion will be heard ''at the appropriate time designated by the Clerk of this Court.'' The notice of motion was filed September 14, 1956. On October 3, 1956, after affidavits in opposition to the motion had been filed on September 26, 1956, Sprague filed a ''Notice of Hearing,'' notifying plaintiff that at a specified hour on October 9, 1956, in a specified court, it would move to quash the service of summons. Thus, although the September 14, 1956, notice of motion was defective for failing to specify the date of hearing, such defect was cured by the date specified in the ''Notice of Hearing.'' The first notice may be disregarded and the second considered as the proper notice of motion. So far as the record shows, such motion was timely filed. There is no evidence in the record to show that plaintiff objected in the trial court to the timeliness of the motion.

■ Plaintiff also argues that he gave Sprague a stipulation extending its time to plead, and contends that the acceptance of such stipulation by Sprague estopped it from later moving to quash service of summons. Such a motion is not pleading according to plaintiff. Cases are cited to the effect that stipulations are contracts supported by consideration. These cases state sound law. They would be applicable if, in return for the stipulation, Sprague had promised not to move to quash summons. But no such promise appears in the record.

It cannot be implied from the stipulation for the extension of time to plead, because such implication would be directly contrary to that provision of section 416.1 of the Code of Civil Procedure which expressly states that a promise not to move to quash cannot be implied from the bare fact of obtaining a stipulation to plead.

■ It is next contended that Sprague made a general appearance because it coupled with its motion to quash a motion to dismiss. It is contended that a motion to dismiss necessarily asks for relief on the merits inconsistent with the claim of lack of jurisdiction over the person. The point is without merit. The same contention was unsuccessfully made in *Hernandez* v. *National Dairy Products Co.*, 126 Cal.App.2d 490 [272 P.2d 799]. The court held that while a motion to dismiss might involve an issue relating to the jurisdiction over the subject matter of the litigation, and so might possibly involve a general appearance, that such was not inevitable. The court held that the character of the relief asked and not its label determines the nature of the motion, and that matters stated in the affidavits could not expand the grounds set forth in the notice of motion. In that case, the notice of motion was aimed at challenging jurisdiction over the person, and, therefore, the appearance was held to be special and not general, although a motion to dismiss had been made.

That is precisely this case. The notice of motion here involved obviously is aimed at challenging jurisdiction over the person. Plaintiff contends that one ground of the motion was that Sprague does not conduct any intrastate business in California and that the accident did not arise out of any such business. That is not a challenge of subject matter jurisdiction, but is entirely consistent with a challenge to jurisdiction over the person. Section 6504 of the Corporations Code provides that: ''A foreign corporation which has transacted intrastate business in this State and has thereafter withdrawn from business in this State may be served with process in the manner provided in this chapter in any action brought in this State arising out of such business, whether or not it has ever complied with the requirements of Chapter 3 of this part.'' Chapter 3 provides for designation of an agent to receive process in such cases and for the filing of the articles of incorporation. It is quite obvious that Sprague, by setting forth in its notice of motion the ground under consideration, was simply attempting to establish that it was not amenable to process in California under this section because of its past

acts. This does not raise a question or ask for relief "which can only be granted upon the hypothesis that the court has jurisdiction of his person." (*Olcese* v. *Justice's Court*, 156 Cal. 82 [103 P. 317], quoted with approval in *Judson* v. *Superior Court*, 21 Cal.2d 11, 13 [129 P.2d 361].) Therefore, asking for such relief did not convert Sprague's appearance into a general one.

The next contention of plaintiff is that the affidavit in support of the motion to quash was made by defendant's attorney on information and belief and contains nothing but conclusions. It is contended that such an affidavit cannot be considered in support of the facts sought to be established. Plaintiff raised the point in reference to the affidavit being on information and belief in the trial court in his memorandum of points and authorities in opposition to the motion to quash. It has been held that affidavits on information and belief are hearsay and do not constitute evidence, at least where proper objection is made. (*Franklin* v. *Nat C. Goldstone Agency*, 33 Cal.2d 628, 631 [204 P.2d 37]; *Kellett* v. *Kellett*, 2 Cal.2d 45, 48 [39 P.2d 203]; *Pratt* v. *Robert S. Odell & Co.*, 63 Cal.App.2d 78, 82 [146 P.2d 504]; see also 2 Cal.Jur.2d 630, § 21.) But this rule of law does not help plaintiff. The burden was, of course, on the plaintiff to establish that defendant was present within the jurisdiction, and doing business here. (*Jameson* v. *Simonds Saw Co.*, 2 Cal.App. 582 [84 P. 289]; *Briggs* v. *Superior Court*, 81 Cal.App.2d 240 [188 P.2d 758]; *Martin Bros. Elec. Co.* v. *Superior Court*, 121 Cal.App.2d 790 [264 P.2d 183].) The affidavit of defendant, even though on information and belief, was at least sufficient to put the question of personal jurisdiction in issue. *Mills Music, Inc.* v. *Lampton*, 40 Cal.App.2d 354 [104 P.2d 893].) The burden was not sustained. This also applies to the contention that the affidavit of defendants contains some conclusions. Even, if so, plaintiff did not sustain the burden imposed on him.

The basic question presented is whether on the showing made the court was correct in holding that Sprague was not doing business in California. The showing made, other than points already discussed, is that for this particular voyage the crew was signed up in California and the vessel was outfitted in California. Does this constitute the doing of business in this state for the purpose of service? We think not.

Section 6504 of the Corporations Code provides that "A

foreign corporation which has transacted intrastate business in this State and has thereafter withdrawn from business in this State" may be served with process. Section 6203 of the Corporations Code defines "transacted intrastate business" for the purpose of section 6504 as "entering into repeated and successive transactions of its business in this State, other than interstate or foreign commerce."

Plaintiff relies principally on the case of *Oro Navigation Co.* v. *Superior Court*, 82 Cal.App.2d 884 [187 P.2d 444], to support his contention that the hiring of the crew and the outfitting of the vessel in California constituted the doing of business here for the purpose of service. There, although the court held that the Oro Navigation Company was amenable to service in this state, the facts were somewhat different from those here involved. There the defendant was a foreign corporation, and at the time of the accident its stockholders, officers and office were in California. Shortly after the accident New York residents were elected officers and directors, and the office was moved to New York. These facts are quite different from the situation here involved. It is true, as here, that the shipping articles for the crew were signed in California, and that the vessel, as here, was outfitted for the voyage in California. It was held that these latter two facts, when coupled with the other facts mentioned, constituted the doing of business in this state. Which facts controlled does not appear in the opinion.

There are other cases that are controlling. In *West Publishing Co.* v. *Superior Court*, 20 Cal.2d 720, 727 [128 P.2d 777], the Supreme Court, after first quoting with approval from the opinion of Mr. Justice Cordozo in *Tauza* v. *Susquehanna Coal Co.*, 220 N.Y. 259 [115 N.E. 915], that to be amenable to service a foreign corporation must be in the state "not occasionally or casually, but with a fair measure of permanence and continuity" stated that "certain fundamentals have been settled establishing that neither isolated business transactions [nor certain other acts] . . . will amount to the presence of the corporation."

In the present case, the signing of the crew and the outfitting of the vessel in California for this one voyage, had no direct relationship with the cause of action set up in this complaint. While the concept of what constitutes doing business by a foreign corporation sufficient to justify the local court in exercising jurisdiction has undoubtedly been expanded (see *Henry R. Jahn & Son* v. *Superior Court*, 49 Cal.

2d 855 [323 P.2d 437] ; *Borgward* v. *Superior Court,* 51 Cal. 2d 72 [330 P.2d 789] ; *Eclipse Fuel etc. Co.* v. *Superior Court,* 148 Cal.App.2d 736 [307 P.2d 739] ; *International Shoe Co.* v. *State of Washington,* 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057] ), we have been cited to no case, and have found none, where isolated acts not connected with the cause of action before the court have been held, as a matter of law, the doing of business for jurisdictional purposes. For these reasons, it is our opinion that the trial court was justified in holding that the acts here involved did not constitute the doing of business in this state so as to subject Sprague to service in this state.

█ Even if Sprague were amenable to process in this state (and we have seen it was not) the service on States Marine Corporation on behalf of Sprague was of doubtful validity.

Section 6500 of the Corporations Code provides, in part, that service may be made on certain officers of the corporation, or upon an individual or corporate agent designated by the corporation for the service of process. The only evidence that States Marine Corporation had authority to accept service for Sprague is the averments in plaintiff's affidavit that States Marine Corporation was "the authorized agent" of Sprague in California and that the attorney of States Marine Corporation had told the attorney for plaintiff that States Marine Corporation was Sprague's "local agent." Neither an "authorized agent" nor a "local agent" may accept service under section 6500 unless, in addition, it has been specifically designated as an agent to accept service. Where no such agent has been designated, service must be on the Secretary of State under the provisions of section 6501 of the Corporations Code. Moreover, representations by States Marine Corporation, or by its lawyer, to the effect that it was the agent of Sprague, could not, standing alone, prove the agency. (Civ. Code, § 2319; *Whiteside* v. *United Theatres,* 106 Cal.App.2d 471 [235 P.2d 261] ; *Union Const. Co.* v. *Western Union Tel. Co.* 163 Cal. 298 [125 P. 242].) Thus, the service on States Marine Corporation was probably invalid.

The motion of Sprague was to "dismiss and quash purported service of summons." The order appealed from grants Sprague's motion "to dismiss and quash purported service of summons." As already pointed out, the motion to dismiss was not aimed at subject matter jurisdiction but was synonymous with the motion to quash. Of course, on such a motion the action should not be dismissed on its merits. Out of

an abundance of caution the words "dismiss and" are deleted from the order. As so modified, the order quashing service of summons on Sprague Steamship Company is affirmed, respondent to recover its costs. The appeal from the order denying plaintiff's motion to enter the default of Sprague Steamship Company is dismissed.

Bray, J., and St. Clair, J. pro tem.,* concurred.

On December 11, 1958, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied January 7, 1959. Carter, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.